CENTER FOR DISABILITY ACCESS
Mark Potter, SBN 166317
Phyl Grace, Esq., SBN 171771
Christopher Seabock, SBN 279640
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson**, | **Case No**. |
| Plaintiff, | **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act; California Disabled Persons Act; Negligence |
| v. | |
| **Goodwin-Cole Company, Inc.**, a California Corporation; and Does 1-10, | |
| Defendants | |

Plaintiff Scott Johnson complains of Defendants Goodwin-Cole Company, Inc., a California Corporation; and Does 1-10, ("Defendants") and alleges as follows:

**PARTIES**:

1. Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic. He cannot walks and also significant manual dexterity impairments. He uses a wheelchair for mobility and has a specially equipped

1

Complaint

van.

2. Defendants are, or were at the time of the incidents, the real property owners, business operators, lessors and/or lessees for the Goodwin-Cole located at or about 8320 Belvedere Ave., Sacramento, California.

3. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

5. Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, and the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

Complaint

**FACTUAL ALLEGATIONS:**

7. Goodwin-Cole is a business establishment and place of public accommodation.

8. Goodwin-Cole' facilities are not accessible to wheelchair users.

9. Although parking is provided to patrons, there is not a single functioning and compliant handicap parking space. Whether through neglect, apathy or otherwise, the defendants have permitted the handicap parking spaces and signage to deteriorate to the point of being non-functioning or nonexistent.

10. The wheelchair logo has faded to near oblivion, the mandated "NO PARKING" lettering does not exist on the access aisle. There is no blue border around the space where an access aisle is supposed to exist. The mandated pole or wall mounted signage with the wheelchair logo does not have the mandated 80 inches from the bottom of the sign to parking surface. The sign is blocked from view when a vehicle parks in the stall. The required "Minimum Fine $250" sign did not exist. The required tow-away signage does not exist in this lot. Non-disabled persons can park in the supposedly handicap parking space or access aisle with impunity.

11. Additionally, the sole handicap parking stall only has a 45 inch access aisle. There is no van space. And the parking space marked as reserved for persons with disabilities is not located closest to the accessible entrance.

12. The path of travel from the parking to the entrance requires a person to navigate a step for which there is no ramp.

13. The door hardware at the entrance is a panel style handle that requires tight grasping or twisting of the wrist to operate.

14. The plaintiff lives minutes from the Goodwin-Cole facilities and is in the area on a consistent and ongoing basis. He went to the business in September of 2013 and obtained an estimate and encountered the barriers.

The plaintiff would have patronized the business in January of 2014 but was deterred from doing so because of the barriers.

15. In encountering and dealing with the lack of an accessible facilities, the plaintiff experienced difficulty and discomfort. This violation denied the plaintiff full and equal access to facilities, privileges and accommodations offered by the defendants.

16. Additionally, on information and belief, the plaintiff alleges that the failure to remove the barrier was intentional because: (1) this particular barrier is intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

17. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

18. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or

Complaint

       accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the accessibility standards found at 28 C.F.R., Part 36, Appendix "D" sometimes called the "ADAAG" and referred to in this complaint as the "1991 Standards".

   c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

19. Any business that provides parking spaces must provide handicap parking spaces. 1991 Standards § 4.1.2(5). One in every eight of those handicap parking spaces but not less than one must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Here the failure to have any van handicap parking is a violation of the law.

20. Additionally, to qualify as a reserved handicap parking space, the space must be properly marked and designated. Under the ADA, the method and color of marking are to be addressed by State or local laws or regulations. See 36 C.F.R., Part 1191, § 502.3.3. Under the California Building Code, to properly and effectively reserve a parking space for persons with disabilities, each such space must be identified with a reflectorized sign permanently

Complaint

posted adjacent to and visible from each stall or space. CBC § 1129B.4. The sign must consist of the International Symbol of Accessibility (♿) in white on a blue background. *Id.* It cannot be smaller than 70 square inches and must be mounted so that there is a minimum of 80 inches from the bottom of the sign to the parking space. *Id.* Signs must be posted so that they cannot be obscured by a vehicle parking in the space. *Id.* An additional sign or additional language below the symbol of accessibility must state, "Minimum Fine $250" to ensure that the space remains available for persons with disabilities. *Id.* Another sign must be posted in a conspicuous place at the entrance to the parking lot or immediately adjacent to each handicap parking space, with lettering 1 inches in height, that clearly and conspicuously warn that unauthorized vehicles parking in the handicap parking spaces can be towed at the owner's expense. *Id.* Additionally, the surface of the handicap parking stall must have a profile view of a wheelchair occupant (♿) that is 36 inches by 36 inches. *Id.* And the surface of the access aisle must have a blue border. CBC § 1129B.3. The words "NO PARKING" in letters at least a foot high must be painted on the access aisle. *Id.*

21. Here, there was no such complaint parking and the parking lot as in violation of the law.

22. Additionally, accessible parking spaces serving a particular building must be located on the shortest accessible route of travel from adjacent parking to an accessible entrance. In buildings with multiple accessible entrances with adjacent parking, accessible parking spaces must be dispersed and located closest to the accessible entrances. 1991 Standards § 4.6.2. Here, the parking is not so located and it is in violation of the ADA.

23. Door hardware must have a shape that is easy to grasp with one hand and does not require tight grasping, tight pinching, or twisting of the wrist to operate. 1991 Standards § 4.13.9. Here the failure to provide such door

Complaint

hardware at the entrance and restrooms is a violation of the ADA.

24. The plaintiff has been to Goodwin-Cole on a number of occasions. Given its location and options, Goodwin-Cole is a business that the plaintiff would like to patronize but he has been and will continue to be discriminated against due to the lack of accessible facilities.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

25. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

26. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. Cal. Civ. Code § 51(f), 52(a).

27. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, *i.e.*, a civil penalty for each offense. Cal. Civ. Code § 55.56(a)-(c).

**III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ.§ 54-54.8)

28. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

29. Because the defendants violated the plaintiff's rights under the ADA, they also violated the California Disabled Persons Act and are liable for

Complaint

damages. Cal. Civ. Code § 54.1(d), 54.3(a).

30. Because the violation of the DPA resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty for each offense. Cal. Civ. Code § 55.56(a)-(c).

**IV. FOURTH CAUSE OF ACTION: NEGLIGENCE** (On behalf of plaintiff and against all defendants)

31. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

32. The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiff. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000 for each offense. Note: a plaintiff cannot

Complaint

recover under both acts, simultaneously, and an election will be made prior to or at trial.

3. Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: January 23, 2014                    CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

Complaint